IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RAJI WILSON,

                Plaintiff,

                                              Civ. Action No.
  vs.                                          9:07-CV-1128 (TJM/DEP)

KENNETH PERLMAN, *et al.*,

                Defendants.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
RAJI WILSON
*Plaintiff, pro se*
02-A-5295
Five Points Correctional Facility
Caller Box 19
Romulus, New York 14541

FOR DEFENDANTS:

HON. ANDREW CUOMO         CHARLES QUACKENBUSH, ESQ.
Office of the Attorney General    Assistant Attorney General
New York State
The Capitol
Albany, New York 12224

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff Raji Wilson, a former New York state prison inmate who was

released from custody on March 31, 2009, and whose whereabouts are not currently known to the court, commenced this civil rights action pursuant to 42 U.S.C. § 1983 claiming that defendants have been deliberately indifferent to his serious medical needs.

Currently pending before the court is defendants' motion for summary judgment dismissing plaintiff's claims as a matter of law. Plaintiff has not responded to that motion, and additionally has failed to comply with this court's requirement that he notify the court and counsel of his apparent change of address. In light of this failure, I recommend that plaintiff's complaint be dismissed, without addressing the merits of defendants' unopposed motion.

I.  BACKGROUND

This civil rights action was commenced by the plaintiff on October 24, 2007, over two years ago. *See* Dkt. No. 1. Upon review of plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis*, I issued an order dated November 14, 2007, granting plaintiff *in forma pauperis* status and authorizing its filing and directed that service be effectuated. *See* Dkt. No. 6. Following joinder of issue and issuance of a routine, pretrial scheduling order on April 28, 2008, *see* Dkt. No. 18, defendants moved on November 14, 2008 for summary judgment

dismissing plaintiff's complaint.  *See* Dkt. No. 23.  Despite the fact that the time for responding to defendants' motion has passed, plaintiff has submitted no papers in opposition to that motion.

On January 13, 2009, a notice was sent to plaintiff, advising him that the court has reset the deadline for submission of his response to the motion for summary judgment to February 23, 2009.  *See* Docket Annotation Entered on January 13, 2009.  That notice was mailed to the address listed in the court's records, Five Points Correctional Facility. According to information received by the court from officials at Five Points the plaintiff was moved on November 28, 2008 to the Rikers Island Correctional Facility ("Rikers Island") for resentencing purposes regarding his post-release supervision, but was to be returned to Five Points once this proceeding was completed. The court thereafter confirmed with officials at Rikers Island, that plaintiff was at that facility for such purposes. *Id*.  A copy of the January 13, 2009 notice was therefore also sent to the plaintiff at Rikers Island.

In a status report was recently filed with the court on June 1, 2009, defendants' counsel, Charles Quackenbush, Esq. advised that the plaintiff was released from custody on March 31, 2009.  *See* Dkt. No. 24.  That information has since been confirmed through use of the NEW YORK

STATE DOCS inmate locator website, revealing that plaintiff was released from Five Points on March 31, 2009. Despite this change in circumstances, plaintiff has failed to provide the court a current address where he can be reached for purposes of communications from the court.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 96-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (citations omitted)).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the
> district courts undertake independently to maintain current
> addresses on all parties to pending actions. It is incumbent

4

> upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (en banc)); *see generally* N.D.N.Y.L.R. 41.2(b).  Plaintiff was specifically reminded of this obligation by my order dated November 14, 2007, advising that he was required to promptly notify the clerk's office of any change in his address, and that his failure to keep such office apprised of his current address would result in dismissal of the instant action.  *See* Dkt. No. 6  at page 3.

The determination of whether to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is informed by five factors, including:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

5

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted). I have carefully weighed the five factors considered by the Second Circuit when reviewing a district court's order to dismiss an action for failure to prosecute, and/or for failure to comply with an order of the district court under Rule 41(b), and I find that they weigh decidedly in favor of dismissal. This case has been pending for over two years, and it is quite likely that memories of the events in question have faded, relevant documents have been discarded, and witnesses have been transferred to other correctional facilities. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Moreover, I find that the need to alleviate congestion on the court's docket outweighs plaintiff's right to receive a further chance to be heard in this matter. Finally, I have considered less-drastic sanctions and rejected them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in

6

all likelihood, never reach plaintiff due to his failure to provide a current address.

## III. SUMMARY AND RECOMMENDATION

Due to plaintiff's release from prison, coupled with his failure to apprise the court of that fact and to provide an address where he can be reached for purposes of communications, his current whereabouts are unknown to the court. This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff. Based upon his failure to provide such an address, it is hereby respectfully

RECOMMENDED, that this action be DISMISSED based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for this court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*,

984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the plaintiff at his last known address by regular mail, and upon defendants' counsel by electronic means.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:  June 4, 2009
        Syracuse, New York